(C. D. 1424)

H. Hudson Dobson
Milton Snedeker Corp.} v. United States

United States Customs Court, First Division

(Decided June 3, 1952)

Barnes, Richardson & Colburn (Edward N. Glad of counsel) for the plaintiffs.
Charles J. Wagner, Acting Assistant Attorney General (Joseph E. Weil and Richard E. FitzGibbon, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise in the case at bar consists of certain items invoiced as "Dinky Toys." It was assessed for duty under paragraph 1513, Tariff Act of 1930, at the rate of 70 per centum ad valorem as "all other toys, and parts of toys, not specially provided for." It is claimed properly dutiable under the same paragraph of the act, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), at the rate of 25 per centum ad valorem as "Figures or images of animate objects, wholly or in chief value of metal."

The pertinent parts of the paragraphs in question are as follows:

Paragraph 1513, Tariff Act of 1930:

* * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem.

Paragraph 1513, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802:

Toys, not specially provided for:
*     *     *     *     *     *     *
Figures or images of animate objects, wholly or in chief value of metal:
Not having any movable member or part, and valued at 21 cents or more per pound; or having any movable member or part but not having a spring mechanism, and valued at 30 cents or more per pound_____25% ad val.

At the trial certain exhibits representative of each item number included herein were received in evidence (plaintiffs' exhibits 1 to 8, inclusive). It was stipulated between counsel for the plaintiffs and the defendant that these exhibits are wholly or in chief value of metal and do not have any spring mechanism (R. 13), and, further, that the imported articles are each valued at more than 30 cents per pound. All of the plaintiffs' exhibits represent miniatures of various objects containing certain human figures.

Plaintiffs' exhibit 1 (item No. 14A) consists of an electric truck with an operator standing therein (R. 8). Plaintiffs' exhibit 2 (item No. 36G) consists of a taxicab with a driver (R. 9). Plaintiffs' exhibit 3 (item No. 37A) is a motorcycle with a civilian driver (R. 9). Plaintiffs' exhibit 4 (item No. 37B) is an object representing a motorcycle policeman on his machine (R. 10, 31). Plaintiffs' exhibit 5 (item No. 42B) is a police patrol machine with two motorcycle policemen, one on the motorcycle, and the other sitting in a side car (R. 10, 31). Plaintiffs' exhibit 6 (item 43B) represents a motorcycle ("RAC") with an operator (R. 11). Plaintiffs' exhibit 7 (item No. 44B) is a motorcycle patrol wagon ("AA") with the operator (R. 12, 31–32). Plaintiffs' exhibit 8 (item No. 562) represents a scale model of a "Muir-Hill" dump truck with an operator that can be turned in either direction. The distinctive feature of the actual Muir-Hill dump truck as contrasted with an ordinary dump truck is that the operator, as represented in this scale model, can reverse his position and operate the truck in the direction he wants (R. 13, 32).

There were received in evidence on behalf of the defendant four illustrative exhibits to illustrate toy figures or images of animate objects. Defendant's illustrative exhibit A is a metal figure of a man. Defendant's illustrative exhibit B is a metal article representing a figure of a railroad employee, as is defendant's illustrative exhibit C. Defendant's illustrative exhibit D is a metal miniature of a woman (R. 32–35). Two other exhibits were received in evidence which were introduced by the Government to illustrate toy figures of inanimate objects. Defendant's illustrative exhibit E consists of a metal miniature of a railroad truck (R. 35). Defendant's illustrative exhibit F is a miniature truck made of metal and cardboard, the greater weight of which is of metal (R. 38–39).

Plaintiffs do not contend that the articles in question are not "toys" (paragraph 1513) but maintain that they are specially provided for under paragraph 1513 of the tariff act, as modified by the General Agreement on Tariffs and Trade (T. D. 51802), at the rate of 25 per centum ad valorem as "figures or images of animate objects." It is the plaintiffs' position that all of the items in question are figures or images of animate objects because the figure of the man included in the general make-up of each article is necessary to its composition for purposes of sale and that, inasmuch as it forms an important part of the toy, the article would not be the toy which it is without the figure of such animate object.

Respecting the involved items, the importer of these toys, who has been handling such merchandise since about 1927, testified that the term "dinky" is used in the diminutive sense and that these articles are miniatures of various well-known objects made to a common scale of a quarter of an inch (R. 6). He stated that he had never sold toy electric trucks such as plaintiffs' exhibit 1 without the operator on them (R. 39). The witness further testified with respect to plaintiffs' exhibits 3 to 7 that he had never seen a toy described as a motorcycle man in that scale without the motorcycle (R. 32). With respect to plaintiffs' exhibit 8, he testified that the driver on that truck illustrates the distinctive feature of the Muir-Hill truck, heretofore described.

The only issue here for determination is whether the imported articles (plaintiffs' exhibits 1 to 8, inclusive) are "figures or images of animate objects" and thus entitled to the reduced rate of duty provided for in the General Agreement on Tariffs and Trade (T. D. 51802) with respect to paragraph 1513 of the Tariff Act of 1930.

Resort to lexicographic authorities furnishes the following definitions of the adjective "animate":

Funk & Wagnalls New Standard Dictionary of the English Language (1941):

animate, *a.* 1. Possessing animal life; living; as, the *animate* creation. 2. Possessing animation; lively. 3. [Rare.] Of or pertaining to living beings.

Webster's New International Dictionary, 2d Edition, 1950:

animate, *adj.* 1. Inspired; moved. *Obs.* 2. Endowed with life; alive; living. 3. Animated; lively. 4. *Gram.* Referring to what is alive;—said of gender or class forms in certain languages.

This court in *F. W. Woolworth Co.* v. *United States*, 3 Cust. Ct. 87, C. D. 210 (affirmed in *United States* v. *F. W. Woolworth Co.*, 28 C. C. P. A. (Customs) 196, C. A. D. 145), had before it the determination of the classification of certain miniature figures of base metal which the collector had classified as toys under paragraph 1513, Tariff Act of 1930, and which were claimed dutiable as manufactures of metal under paragraph 397 of the act. Judge Sullivan, in describing the merchandise therein involved, stated, page 88:

The merchandise covered by this protest consists of miniature metal figures, representing people, animals, and inanimate objects, such as benches, trees, fences, etc. * * *

It would appear from the authorities above cited that an "animate" object is one representing animals or people, that is, possessing animal life, and that inanimate objects are those which are not endowed with animal life, such as benches, trees, fences, etc. We take it, therefore, that the figures in the imported articles representing various men, such as the drivers, operators, or policemen, are figures or images of animate objects and that the remaining portions of these items (the vehicles which are parts of the complete articles) are images of inanimate objects. The specific question remains whether such items consisting partly of human figures and partly of figures of inanimate objects are "figures or images of animate objects."

Careful consideration of the issue before us leads us to the conclusion that these imported articles are not "figures or images of animate objects" and, accordingly, are not entitled to the reduced rate claimed by the plaintiffs.

Merchandise is classifiable in its condition as imported. The plaintiffs' witness testified with respect to plaintiffs' exhibits 1 to 8 that these articles were known as "dinky" toys. The record at page 38 further establishes the following:

JUDGE MOLLISON: In reference to Exhibits 1 to 8, those figures of men in there, are they attached securely so they will remain in there?

MR. GLAD: They are. They are not removable.

JUDGE MOLLISON: The figure is an integral part of the exhibit?

MR. GLAD: Yes.

It thus appears that each of the imported items consists of a figure or image of an animate object and that of an inanimate object, and that the figure of the animate object is an integral part of the complete article. In its condition as imported, each item involved herein is an entity in itself and is classifiable as such. In order to obtain the benefit of the reduced rate in paragraph 1513, as modified,

the plaintiffs must establish that the imported articles are "figures or images of animate objects." It is not disputed that the operators or drivers of the vehicles here represented in the imported items are figures or images of animate objects and, by themselves, they would probably be dutiable as such under the reduced rate. However, the classification of these figures as separate articles is not here in question. The figure of the animate object in each article is not segregable from the rest of the item, but each is a component part of the toy article under consideration. Further, the portion of each article representing the inanimate object constitutes a substantial part of the item in question. One portion of the article contributes as much to the completed article as the other. We hold, therefore, that the imported items, each an entity in itself, are something more than "figures or images of animate objects." Accordingly, they are not dutiable at the modified rate under paragraph 1513 of the tariff act, as claimed.

Upon the record established herein and upon consideration of the samples in evidence, which are potent witnesses, we hold that the involved items are not dutiable at the modified rate under paragraph 1513 of the tariff act as "figures or images of animate objects," as claimed, but are properly dutiable at the rate of 70 per centum ad valorem under the same paragraph of the act as toys, not specially provided for, as assessed. The protest herein is overruled. Judgment will issue accordingly.