BEFORE THE FIRST DIVISION, OCTOBER 22, 1953

No. 57546.—Gallagher & Ascher Company v. United States, protest 191040–K/3861 (Chicago).

Oliver, Chief Judge: This case relates to articles described on the invoice as "Easter Parade," which were classified as toys, not specially provided for, and assessed with duty at the rate of 70 per centum ad valorem, under paragraph 1513 of the Tariff Act of 1930. Plaintiff claims that the merchandise is more specifically provided for under the provision in paragraph 1513, as modified by

T. D. 51802, for "Figures or images of animate objects, wholly or in chief value of metal," carrying a dutiable rate of 35 per centum ad valorem.

A sample of the present merchandise is in evidence (plaintiff's exhibit 1). For a concise description thereof, we borrow from defendant's brief, reading as follows:

A visual examination of Exhibit 1 indicates that it is a child's plaything consisting of a sled made mobile by a spring and key mechanism which propels wheels extending below the sled runners. The sled itself, together with the spring mechanism wheels and a bell attached to the rear end, consists of metal. Between the shafts of the sled is affixed a celluloid bunny and on the sled itself is affixed a celluloid group consisting of a basket, two ducks, and an egg with a chick in the process of hatching from the egg. The whole thing is fastened together and cannot be separated except by destroying the object.

The facts, which were stipulated by counsel for the respective parties, establish that the article in question is a toy, that it is composed in chief value of metal, that it "has a movable member or part and also has a spring mechanism," and that "the animate parts or figures thereof are in no part of metal."

Based upon those undisputed facts, counsel for plaintiff, in their brief, argue as follows:

The metal part of Exhibit 1 in this case, being the carriage and wheels containing a spring mechanism, does not constitute a substantial part of Exhibit 1 herein or represent any inanimate object such as a truck or motorcycle or taxicab, thus contributing to the completed article. The sled merely offers a platform or base, moveable though it may be (being on wheels), upon which the toy itself consisting of figures and images of animate objects is placed. Without the animate portion of Exhibit 1 the inanimate portion would serve no purpose. However, were the inanimate portion separated from the animate portion of Exhibit 1, the animate portion would still represent a toy consisting of figures and images of animate objects.

Plaintiff's position, as expressed in the foregoing quotation, is not consistent with the agreed facts. First of all, plaintiff has conceded that the article in question, as an entirety, is a toy. Neither the sample (said exhibit 1) nor the stipulated facts offer any support for plaintiff's segregation of the present merchandise, as suggested in counsel's argument, into separate units. Plaintiff's reference to the present merchandise as "the toy itself consisting of figures and images of animate objects" is a contradiction of, and wholly unsupported by, the undisputed facts. Furthermore, even if we were to consider the figures separately—which cannot be done under the stipulated facts herein—plaintiff's claim could not be sustained because the provision under which classification is sought requires that the "Figures or images of animate objects" be composed wholly or in chief value of metal. Such is not the case herein.

The case of H. Hudson Dobson and Milton Snedeker Corp. v. United States, 28 Cust. Ct. 290, C. D. 1424, cited in both briefs of respective counsel, actually supports the collector's action herein. In that case, the merchandise was toys, composed entirely of metal, consisting of motorcycles, taxicabs, trucks, etc., with replicas of human figures in the drivers' or operators' seats. In sustaining the collector's classification of the merchandise as toys, we stated as follows:

* * * It is not disputed that the operators or drivers of the vehicles here represented in the imported items are figures or images of animate objects and, by themselves, they would probably be dutiable as such under the reduced rate. However, the classification of these figures as separate articles is not here in question. The figure of the animate object in each article is not segregable from the rest of the item, but each is a component part of the toy article under consideration. Further, the portion of each article representing the inanimate object constitutes a substantial part of the item in question. One portion of the article contributes as much to the completed article as the other. We hold, therefore, that the imported items, each an entity in itself, are something more than "figures or images of animate objects.' Accordingly, they are not dutiable at the modified rate under paragraph 1513 of the tariff act, as claimed.

The reasoning applied in the cited case has equal application in the present case. The protest is overruled and judgment will be rendered accordingly.