BEFORE THE FIRST DIVISION, JUNE 20, 1958

**No. 62104.**—Louis Marx & Co. and Gehrig Hoban & Co., Inc. v. United States, protest 301296–K (New York).

OLIVER, Chief Judge:   This protest relates to merchandise that is described on the invoice as "Mechanical Walking Robot," which the collector classified under the provision for toys, not specially provided for, "having a spring mechanism (except figures or images of animate objects, wholly or in chief value of metal)," in paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52820, carrying a dutiable rate of 50 per centum ad valorem.   Plaintiffs claim that the article is properly dutiable at only 35 per centum ad valorem under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T. D. 51802, for toys, not specially provided for, being "Figures or images of animate objects, wholly or in chief value of metal."

At the trial, counsel for the respective parties stipulated that the toy in question is in chief value of metal and that it has "moving parts operated by a spring mechanism."   Thus, the sole question before us is whether this toy is a figure or an image of an animate object.

The only witness who appeared herein was the traffic manager of the importing corporation, and he merely identified a sample of the present merchandise (plaintiff's exhibit 1).   An examination thereof shows that the article is a toy that simulates a mechanical robot.   It is made to imitate an electrical machine.   Across the top is a flimsy wire coil.   On the front are painted illustrations of an electrical mechanism, a meter, and a clock.   On each side is a metal hook or claw.   By means of a winding key, fitted to the side of the article, the toy is put into operation, moving ahead in a manner that simulates walking.

Plaintiffs' contention, as stated by counsel during the course of the trial, appears in the record as follows (R. 4–5):

CHIEF JUDGE OLIVER:   Is it plaintiff's contention that this Exhibit 1 is an imitation of an animate object?

Mr. Glad: Yes, a robot. It is as a synthetic man. It is something imitating man. That is the animate object that this particular toy represents. Also, the common meaning of robot also supports our contention.

Chief Judge Oliver: This exhibit you claim is a copy of an animate object?

Mr. Glad: Yes.

Chief Judge Oliver: You claim the robot of which this toy represents the mechanical figure, is an animate object?

Mr. Glad: A robot is an imitation of an animate object.

Judge Wilson: It is just a tiny robot?

Mr. Glad: Yes.

Plaintiffs' position, as set forth in the foregoing colloquy between the court and counsel, it is not supported by definitions of the word "robot" in recognized dictionary authorities. Webster's New International Dictionary states that a "robot" is "Any automatic apparatus or device that performs functions ordinarily ascribed to human beings, or operates with what appears to be almost human intelligence; esp., such an apparatus that is started by means of radiant energy or sound waves." Funk & Wagnalls New Standard Dictionary defines "robot" as "An automaton that performs all hard work; hence, one who works mechanically and heartlessly."

There is nothing in either of the quoted definitions from which to draw the conclusion that a robot is an animate object, within the meaning of the word "animate," as it is given in the cited dictionary authorities. Funk & Wagnalls New Standard Dictionary defines the adjective "animate" as "Possessing animal life; living; as, the *animate* creation [italics quoted]." In Webster's New International Dictionary "animate" is defined as follows: "Endowed with life; alive; living. * * * Animated; lively." The distinction between an animate object and an inanimate object was expressed in our decision in *H. Hudson Dobson et al.* v. *United States*, 28 Cust. Ct. 290, C. D. 1424, which is cited in both briefs filed by the respective parties herein. In that case, the merchandise consisted of certain so-called "Dinky Toys," which were identified as an electric truck with operator standing therein, taxicab with driver, motorcycle with civilian driver, motorcycle policeman on his machine, and other similar articles. Each of them included a representation of a particular object with a representation of a human figure. There, as here, the importer claimed classification of the merchandise as toys that were figures or images of animate objects. During the course of our decision, in which we rejected the alleged claim, we distinguished between animate and inanimate objects as follows:

* * * It would appear from the authorities above cited that an "animate" object is one representing animals or people, that is, possessing animal life, and that inanimate objects are those which are not endowed with animal life, such as benches, trees, fences, etc. We take it, therefore, that the figures in the imported articles representing various men, such as the drivers, operators, or policemen, are figures or images of animate objects and that the remaining portions of these items (the vehicles which are parts of the complete articles) are images of inanimate objects. * * *

The dictionary definitions hereinabove set forth, coupled with the foregoing quotation, are persuasive in holding, as we do, that a robot is not an animate object. It is not a living thing; it is not endowed with life. A robot is a mechanical device or apparatus, a mere automaton, that operates through scientific or mechanical media. It, therefore, follows that the toy under consideration, which simulates a robot, is not within the statutory language, "Figures or images of animate objects" in paragraph 1513, as amended by T. D. 52739, supplemented

by T. D. 52820, invoked herein by plaintiffs. Being concededly a toy and having a spring mechanism, the article in question is properly classifiable under paragraph 1513, as modified by T. D. 51802, as assessed by the collector.

For all of the reasons hereinabove set forth, the protest is overruled, and judgment will be rendered accordingly.