No. 63274.—Avlon's *v.* United States, protests 300000–K, etc. (New York).

OLIVER, Chief Judge: Certain toys, assessed with duty at the rate of 35 per centum ad valorem under the catchall provision in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 51802, for toys, not specially provided for, are claimed to be properly dutiable at only 25 per centum ad valorem under the provision in said amended paragraph 1513 for toys of figures or images of animate objects.

The case is before us on a sample of the merchandise (plaintiff's collective exhibit 1). An examination thereof shows that the article consists of the replica of a human figure, simulating a circus performer, permanently attached to a single wheel, approximately 2 inches in diameter, and painted red. The figure is holding a tubular piece of light metal, about 3½ inches long, with open ends to receive light wooden sticks, representing balance bars, about 12½ inches long, with a metal head fitted to one end. There is also supplied a piece of cord or string for use in operating the toy. The combination of items, when completely assembled, is a toy tightrope walker.

The case of *H. Hudson Dobson et al.* v. *United States*, 28 Cust. Ct. 290, C.D. 1424, is controlling. There, the merchandise was metal toys, consisting of trucks, motorcycles, and different kinds of motor cars, each having permanently attached thereto replicas of human figures. The issue presented in the cited case was precisely the same as that involved in this case. In rejecting plaintiffs' claim for classification as toys of figures or images of animate objects, in the said case, we stated as follows:

* * * It thus appears that each of the imported items consists of a figure or image of an animate object and that of an inanimate object, and that the figure of the animate object is an integral part of the complete article. In its condition as imported, each item involved herein is an entity in itself and is classifiable as such. In order to obtain the benefit of the reduced rate in paragraph 1513, as modified, the plaintiffs must establish that the imported articles are "figures or images of animate objects." * * * The figure of the animate object in each article is not segregable from the rest of the item, but each is a component part of the toy article under consideration. Further, the portion of each article representing the inanimate object constitutes a substantial part of the item in question. One portion of the article contributes as much to the completed article as the other. We hold, therefore, that the imported items, each an entity in itself, are something more than "figures or images of animate objects." * * *

The reasoning followed in the foregoing quotation has equal application, with the same force and effect, in the present case. Accordingly, we hold the merchandise in question to be properly classifiable as toys, not specially provided for, under paragraph 1513, as amended, *supra*, and dutiable thereunder at the rate of 35 per centum ad valorem, as assessed by the collector.

The protests are overruled and judgment will be rendered accordingly.