BEFORE THE FIRST DIVISION, FEBRUARY 25, 1963

**No. 67457.**—Cragstan Corporation *v.* United States, protest 61/11193(B) (Los Angeles).

OLIVER, Chief Judge: This protest relates to a certain item of toys, described on the invoice as "BABY in WALKER," which was classified under the provision for toys, not specially provided for, "having a spring mechanism (except figures or images of animate objects, wholly or in chief value of metal)," in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 54108, with a dutiable rate of 44 per centum ad valorem. Plaintiff claims that the article in question is properly classifiable under the provision in said modified paragraph 1513, supplemented by T.D. 54398, for toys, not specially provided for, that are "Figures or images of animate objects wholly or in chief value of metal and not specified above in this item," carrying a dutiable assessment of only 30 per centum ad valorem.

In a written stipulation of submission, the parties agreed that the article involved herein "consists of a toy valued at over 21¢ per pound, in chief value of metal, having a spring mechanism, and having moving members or parts, represented by the attached sample, which sample, with the approval of the court, may be received into evidence as Exhibit #1."

For a complete and an accurate description of the toy in question (plaintiff's exhibit 1), we draw from defendant's brief, which reads as follows:

The representative sample, marked as Exhibit 1 for plaintiff, consists of a doll approximately 10 inches in height, which stands upright by means of a walker, which balances the doll in its operation as a toy. The doll has a rubberized head, arms and legs which are movable, and a metal body which houses a spring mechanism, attached to which on the left side is a key for tightening the

enclosed spring. A metal rattle is held in the right hand. The walker consists of a table-like support which is joined *permanently* to the doll by means of a metal bar connecting two sides of the support and attached to the underside of the doll. The left hand also is connected by means of a wire. The legs on the walker are made of heavy metal wire bent to shape a stand for the toy, and have four small wheels for movement. When the spring has been tightened by turning the exposed key on the left side of the doll, it will move forward by the moving legs and wheels, the head turns from side to side and the right hand shakes the rattle and taps it on the support. [Italics quoted.]

The stipulated facts, coupled with the sample in evidence (exhibit 1, *supra*), limit the issue herein, in the light of the statutory language of the competing provisions of paragraph 1513, as modified, *supra*, to the sole question whether the toy under consideration is a figure or an image of an animate object. If so, plaintiff's claim will be sustained; otherwise, the collector's classification of the merchandise must stand.

To support plaintiff's position that the toy in question is a figure or an image of an animate object, counsel seeks to distinguish the relative importance of components comprising the entirety. Plaintiff's brief argues the point as follows:

The article before the court consists primarily of a lively animate toy baby. The walker, the inanimate portion, serves only an incidental purpose; that is to hold the baby upright. The walker forms an incidental, rather than a substantial part of the article. The detachable inanimate portion (the walker) is completely subservient to the animate baby portion; by itself, the walker is nothing. Without the walker, the baby is still a lively animate toy baby. Moreover, the spring mechanism activates the limbs, parts and movement of the baby, and the subservient walker moves only because the toy baby does. * * *

The sample (exhibit 1, *supra*) does not support plaintiff's analysis of the article. Samples are potent witnesses. *Marshall Field & Co.* v. *United States*, 20 CCPA 225, T.D. 46037. An examination thereof shows that the walker is not "detachable," as plaintiff's description would have it to be. The "animate toy baby" and "the walker, the inanimate portion," as plaintiff refers to the two components, are integral parts of the entity. Neither is subordinate, or "subservient," to the other. Both are essential for the proper functioning and complete operation of this toy, identified on the invoice as "BABY in WALKER."

The case of *H. Hudson Dobson* and *Milton Snedeker Corp.* v. *United States*, 28 Cust. Ct. 290, C.D. 1424, is pertinent. There, the merchandise was toys, composed entirely of metal, consisting of motorcycles, taxicabs, trucks, etc., with replicas of human figures in the drivers' or operators' seats. In excluding those toys from the provision for "Figures or images of animate objects," invoked herein by plaintiff, we stated as follows:

* * * It is not disputed that the operators or drivers of the vehicles here represented in the imported items are figures or images of animate objects and, by themselves, they would probably be dutiable as such under the reduced rate. However, the classification of these figures as separate articles is not here in question. The figure of the animate object in each article is not segregable from the rest of the item, but each is a component part of the toy article under consideration. Further, the portion of each article representing the inanimate object constitutes a substantial part of the item in question. One portion of the article contributes as much to the completed article as the other. We hold, therefore, that the imported items, each an entity in itself, are something more than "figures or images of animate objects." Accordingly, they are not dutiable at the modified rate under paragraph 1513 of the tariff act, as claimed.

The reasoning employed in the foregoing quotation from the cited case has equal application, with the same force and effect, in this case. Consistent therewith, we hold the toy in question to be properly classifiable under the

215

provision in paragraph 1513, as modified, *supra*, for toys, not specially provided for, "having a spring mechanism (except figures or images of animate objects * * *)," and dutiable thereunder at the rate of 44 per centum ad valorem, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.