CRAGSTAN CORPORATION *v.* UNITED STATES (No. 5141)*

United States Court of Customs and Patent Appeals,
December 12, 1963

*Allerton deC. Tompkins*, for appellant.

*John W. Douglas*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, for the United States.

[Oral argument November 6, 1963, by Mr. deC. Tompkins and Mr. Vance]

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Jr., Associate Judges

MARTIN, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, First Division, Abstract 67457, overruling the importer's protest and sustaining the collector's classification and duty assessment of a certain item of toys imported from Japan.

The merchandise involved is a toy in chief value of metal and described as a "Baby in Walker." The representative sample, marked as Exhibit 1, consists of a miniature of a clothed baby doll about 10 inches high supported in an upright position by a metal walker. The metal walker consists of two separable pieces or halves with each piece mounted on two small wheels. The baby doll has a rubberlike head, arms and legs which are movable with a metal rattle held in the right hand. A spring mechanism enclosed in the body of the baby

---

*C.A.D. 832.

doll is wound with an exposed key on the left side of the doll for tightening the enclosed spring.

When the spring has been tightened or wound by turning the key, the two legs of the baby doll will move back and forth in a walking-like manner propelling the entire article forward in the direction in which the baby doll is directed. Simultaneously with this forward progression the baby doll's head and neck turn from side to side. In addition, and at the same time, the right hand shakes the rattle and taps it on the metal support.

▮ The collector classified the baby doll with duty at 44% ad valorem under paragraph 1513 of the Tariff Act of 1930 as modified by T.D. 54108 covering toys having a spring mechanism.

Appellant contends that the merchandise is properly classifiable with duty at 30% ad valorem under the section of paragraph 1513 of the Tariff Act of 1930 as modified by T.D. 54108 which covers toy figures or images of animate [1] objects.

The pertinent provisions of paragraph 1513, as modified, read as follows:

1513. Toys, not specially provided for:

 *  *  *  *  *  *  *

 Figures or images of animate objects not specified above in this item.
 Toys having a spring mechanism (except figures or images of animate objects, wholly or in chief value of metal).

 *  *  *  *  *  *  *

The Customs Court stated that an examination of Exhibit 1 shows that "The 'animate toy baby' and the 'the walker, the inanimate portion' * * * are integral parts of the entity," both being essential to the operation of the complete toy, as imported. Since both the animate toy baby doll and the walker were considered to contribute equally to the complete toy, the Customs Court found the imported merchandise to be something more than a figure or image of an animate object and held it properly classified under the provision in paragraph 1513, as modified, for toys not specially provided for, "having a spring mechanism (except figures or images of animate objects * * *)."

Appellant contends that the Customs Court has erred in not holding that the merchandise under protest "are figures or images of animate objects." It urges that this terminology includes *both* figures and images of animate objects and that even if the baby doll is not a "figure," it is an *image* of an animate object. Appellant contends that a provision solely for "animate figures" could be interpreted to

---

[1] The adjective *animate* is defined in Funk & Wagnalls New Standard Dictionary of the English Language (1931) as
animate, * * * 1. Possessing animal life; living; as, the *animate* creation.  2. Possessing animation; lively. * * *

mean only the naked figure. The use of the term "objects," it is argued, indicates:

\* \* \* that a figure or image in a natural animate activity is covered—such things as images or clothed figures performing a lifelike act—such things as a figure of a clothed unsteady baby learning with a support (a walker) to walk in an upright position.

Appellant further contends that a toy composed in substantial part of an inanimate portion comes within the meaning of "figures or images of animate objects" if the inanimate portion *serves only* as a support, or a brace, or a balance to an animate figure to enable the figure to have lifelike mobility or animation.

Appellee, on the other hand, contends that Exhibit 1 clearly shows that the imported merchandise consists of an animate object and an inanimate object, both essential, component, integral parts of the toy article under consideration, both contributing equally as much to the completed article. On that basis it urges that the findings of fact of the Customs Court should not be upset as they are clearly supported by the evidence.

Obviously the imported toy is something more than just a figure or image of an animate object. The walker is not incidental—just a brace to hold the baby doll upright—the walker gives the toy its unique and distinctive character and without it the toy would be merely another baby doll. The toy, as an entity, consists of two components, both equally essential, the baby doll and the walking mechanism, the latter having wheels and part thereof being permanently attached to the baby doll. The walking mechanism is an integral part of the toy. Furthermore, the toy has a spring mechanism. We believe that the reasoning in *H. Hudson Dobson, Milton Snedeker Corp.* v. *United States*, 28 Cust. Ct. 290, C.D. 1424, is pertinent here. There the merchandise was toys composed entirely of metal and consisting of motorcycles, taxicabs and trucks with human figures in the operator's or driver's seat. In excluding these toys from the provision of figures or images of animate objects, the court stated as follows:

It is not disputed that the operators or drivers of the vehicles here represented in the imported items are figures or images of animate objects and, by themselves, they would probably be dutiable as such under the reduced rate. However, the classification of these figures as separate articles is not here in question. The figure of the animate object in each article is not segregable from the rest of the item, but each is a component part of the toy article under consideration. Further, the portion of each article representing the inanimate object constitutes a substantial part of the item in question. One portion of the article contributes as much to the completed article as the other. We hold, therefore, that the imported items, each an entity in itself, are something more than "figures or images of animate objects." Accordingly, they are not dutiable at the modified rate under paragraph 1513 of the tariff act, as claimed.

Under these circumstances we believe that the imported merchandise has been properly classified under the provision covering toys having a spring mechanism. Since the imported merchandise is more than merely a figure or image of an animate object, we do not believe that it comes within the exception "figures or images of animate objects, wholly or in chief value of metal." The logical conclusion of appellant's argument is that a baby doll should be classified in the same category as a baby doll in a walker and since a baby doll in a walker is an entirely different toy than without the walker, we believe that it was not the intention of Congress that they both have the same classification.

We agree with the Customs Court that the merchandise is properly classified under paragraph 1513 as toys not specially provided for having a spring mechanism and dutiable at 44% ad valorem. Therefore, we *affirm* the judgment of the Customs Court.