(C.D. 2889)

NOVELTY IMPORT CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 9, 1967)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*James F. O'Kelly*, trial attorney), for the defendant.

Before OLIVER, WATSON, and RAO, Judges

OLIVER, Judge: The merchandise under protest in this case is described on the invoice as "Santa Windup Toys." The items were classified by the collector under the provision in paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 54108, calling for toys having a spring mechanism (except figures or images of animate objects, wholly or in chief value of metal), and they were assessed with duty thereunder at 44 per centum ad valorem.

Plaintiff agrees that the items are dutiable as toys under paragraph 1513 of the act, as modified, *supra*, and supplemented by T.D. 54398, but claims that they are more specifically provided for within said paragraph at 30 per centum ad valorem as figures or images of animate objects, wholly or in chief value of metal.

The pertinent modified provisions of paragraph 1513 read as follows:

Toys, not specially provided for:

\* \* \* \* \* \* \*

Figures or images of animate objects wholly or in chief value of metal and not specified above in this item.
Toys having a spring mechanism (except figures or images of animate objects, wholly or in chief value of metal).

The case was submitted solely on the basis of plaintiff's exhibit 1, which counsel stipulated was representative of the merchandise under protest. The Santa Claus figure appearing therein is approximately 5¾ inches high; the left hand holds a sign reading "Merry Xmas"; the right hand grasps a bell of about 1 inch in height. A windup key is located along the left side of the figure and, when wound, the right arm of Santa Claus swings ringing the bell in his hand. The exhibit also includes the box in which the item was imported and in which it is presumably sold. The wording on the box reads "Wind Up Santa Claus with Ringing Bell."

Plaintiff argues that the item itself reveals that it consists entirely of a single figure and that the metal objects in the hands of Santa

Claus represent an insubstantial, *de minimus* fragment of the otherwise solitary figure. Defendant counters by arguing that the sample before the court indicates that it is composed of a combination of an animate object (Santa Claus) and two inanimate objects (the bell and sign) and that each is an essential component making the toy item more than just a figure or image of an animate object.[1]

The recent case of *Cragstan Corporation* v. *United States*, 51 CCPA 27, C.A.D. 832, involved the classification of a miniature baby doll (10 inches high) supported in an upright position by a metal walker. The same issue presented in the instant case was before the appellate court in that case. In reaching its decision that the toy item was something more than a figure or image of an animate object, the court observed that "The walker is not incidental * * * the walker gives the toy its *unique and distinctive character* and without it the toy would be merely another baby doll." [Emphasis supplied.] It was further observed that the toy, as an entity, consisted of two equally essential components, the walking mechanism being an integral part of the toy.

In the earlier case of *H. Hudson Dobson* and *Milton Snedeker Corp.* v. *United States*, 28 Cust. Ct. 290, C.D. 1424, cited with approval in the Cragstan case, *supra*, this court had before it certain metal toys consisting of such things as trucks, motorcycles, and the like, each having permanently attached thereto replicas of human figures. We rejected plaintiffs' contention that the toys were essentially figures or images of animate objects, reasoning as follows:

It thus appears that each of the imported items consists of a figure or image of an animate object and that of an inanimate object, and that the figure of the animate object is an integral part of the complete article. * * * The figure of the animate object in each article is not segregable from the rest of the item, but each is a component part of the toy article under consideration. Further, the portion of each article representing the inanimate object constitutes a substantial part of the item in question. One portion of the article contributes as much to the completed article as the other. * * *

Finally, in the case of *Avlon's* v. *United States*, 43 Cust. Ct. 310, Abstract 63274, we followed our decision in the *H. Hudson Dobson* case, *supra*, in holding that tightrope walker toys, composed of an animate figure and attached inanimate accessories, were not classifiable under the provision for figures or images of animate objects.

---

[1] Both sides in their briefs graciously refrained from debating the issue of whether a Santa Claus figure depicts an "animate" object. In any event, as plaintiff suggests, it certainly depicts live figures seen in department stores and on street corners in the month of December. Therefore, if aging, but not necessarily maturing, eyes fail to recognize such a figure bounding about near chimneys and fireplaces deep in the night of Christmas Eve, it is both unfortunate and, of course, *immaterial.*

Thus the questions to be asked in determining whether or not a particular import is "more than" a figure or image of an animate object are these: Whether or not the inanimate portion is integrated with the animate portion; whether or not the inanimate portion is a substantial or incidental part of the whole product; and whether or not the component animate and inanimate parts are essential to the toy article and what it purports to be.

The facts in this case present more of a borderline situation than existed in the cases mentioned above. However, while the presence of the "Merry Xmas" sign, standing alone, may not characterize the item as more than a figure of an animate object, the addition of a 1-inch bell forming, as it does, an integral part of the figure's right hand and which, when wound, sounds out loud and clear so that the article is heard and not just seen, represents an inanimate portion not incidental but essential to the uniqueness of this particular toy and renders it distinct from Santa Claus figures without a "ringing bell."

Therefore, following the guidelines laid down in the cases discussed herein, we find and hold that the instant import is more than just a figure or image of an animate object and that it was properly classified by the collector within paragraph 1513, as modified, *supra*, as a toy having a spring mechanism. Accordingly, the protest in this case is overruled, and judgment will be entered accordingly.