(C.D. 3294)

MANUFACTURERS IMPORT CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided February 19, 1968)

*Baird, Crenshaw & Ware* (*Michael A. O'Brien* of counsel) for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Charles P. Deem* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

Before WATSON and BECKWORTH, Judges, and OLIVER, Senior Judge

OLIVER, Judge: The two protests involved in this case, consolidated for trial, cover several items of merchandise which were assessed with duty at the rate of 35 per centum ad valorem under paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739, as toys, not specially provided for. The importer claims they are properly classifiable under the same paragraph of the act, as modified by T.D. 54108, as figures or images of animate objects, carrying the dutiable rate of 21 per centum ad valorem.

The pertinent modified provisions of paragraph 1513 read as follows:

Paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 52739:

Toys, not specially provided for:

    *        *        *        *        *        *        *

    Other * * *_____ 35% ad val.

Paragraph 1513 of the Tariff Act of 1930, as modified by T.D. 54108:

Toys, not specially provided for:

    *        *        *        *        *        *        *

    * * * and figures or images of animate objects, wholly or in chief value of metal, if having any movable member or part but not having a spring mechanism, and valued at 30 cents or more per pound * * *_____ 21% ad val.

After plaintiff's exhibits 1, 2, and 3 were received into evidence as representative of the imported merchandise, the case was submitted on the following stipulation:

IT IS STIPULATED AND AGREED by and between Counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and checked "RA" by Commodity Specialist H. F. Coe* on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof and assessed with a duty at 35% ad valorem under paragraph 1513 Tariff Act of 1930, consist of toys wholly or in chief value of metal and valued 30 cents or more per pound and claimed to be dutiable at 21% ad valorem under the same paragraph as figures or images of animate objects.

IT IS FURTHER STIPULATED AND AGREED that the plaintiff shall have 60 days from the effective date of this stipulation within which to file a brief of authorities with the Court; the United States shall have 60 days from the filing of plaintiff's brief within which to file its brief, and

IT IS FURTHER STIPULATED AND AGREED that these protests are submitted on this stipulation of facts, the plaintiff's exhibits Nos. 1, 2 and 3 heretofore entered into evidence and the briefs to be filed herein.

Exhibit 1 consists of a horse-drawn covered wagon of early western vintage. The horse, which is in a galloping position, appears to be permanently attached or hitched to the wagon by means of two metal shafts extending from the front axle section of the wagon. A driver is placed in a standing position in the front of the wagon by means of a metal plate which is attached to both feet and, via a hole in the center of the plate, inserted onto a perpendicular metal bar. By means of a metal wire running through both his hands, the driver is also attached to reins connected to the horse's bridle. The horse is capable of swinging to the left or right when the battery motor is switched on. The

---

*Actually initialed "WCB" by W. C. Boyce who replaced Commodity Specialist Coe.

entire toy is about 13½ inches in length with the wagon measuring more than half that amount.

Exhibit 2 is invoiced as an "Overland Stagecoach with driver and galloping horse" and is the same in all material respects as plaintiff's exhibit 1.

Exhibit 3 represents a bride and groom riding in a convertible car bearing the wording on the trunk and sides "Just married." A small bird is situated on the front hood of the car. As the car moves backwards and forwards by means of a revolving pair of wheels, the bird chirps and the bride and groom turn their heads to the center and appear to kiss causing the groom's face to glow red. The car measures over 10 inches in length and is operated by a battery motor.

As framed by the parties, the issue in this case is whether the toy item in each instance represents a figure or image of an animate object or something more. Although the stipulation of facts is silent as to the absence of spring mechanisms or the presence of movable parts, the exhibit evidence supports plaintiff's apparently undisputed position on those subissues.

Plaintiff contends that with each toy article the animate portion predominates and represents the more substantial portion of the toy viewed as a whole. The decision of this court in *H. Hudson Dobson* and *Milton Snedeker Corp.* v. *United States*, 28 Cust. Ct. 290, C.D. 1424, is cited and relied upon.

The Government contends that the inanimate portions of each toy are considerable and make them something more than merely figures or images of animate objects, citing the case of *Cragstan Corporation* v. *United States*, 51 CCPA 27, C.A.D. 832, as authority.

In the *Hudson Dobson* case, *supra*, the merchandise consisted of metal toys in the form of trucks, motorcycles, cars, and the like, each having replicas of human figures permanently attached. In rejecting plaintiffs' claim that they were classifiable as figures or images of animate objects, we noted that the animate and inanimate parts were not segregable; that each was substantial and contributed equally to the completed article.

The *Cragstan* case, *supra*, involved a 10-inch high baby doll figure supported in an upright position by a metal walker. It was held therein that such an article was more than just a figure or image of an animate object. Citing with approval the decision in the *Hudson Dobson* case, *supra*, the court additionally observed that—

* * * The walker is not incidental * * * the walker gives the toy its unique and distinctive character and without it the toy would be merely another baby doll.

In the recently decided case of *Novelty Import Co., Inc.* v. *United States*, 58 Cust. Ct. 59, C.D. 2889, we had occasion to follow the guide-

lines enunciated in the case law cited above. We held there that a 5¾-inch high Santa Claus figure with a windup spring mechanism which operated a 1-inch bell held in its right hand was essentially more than a figure or image of an animate object. In reaching our decision, we made the following observation:

Thus the questions to be asked in determining whether or not a particular import is "more than" a figure or image of an animate object are these: Whether or not the inanimate portion is integrated with the animate portion; whether or not the inanimate portion is a substantial or incidental part of the whole product; and whether or not the component animate and inanimate parts are essential to the toy article and what it purports to be.

Applying these guidelines once again to the facts in this case, we find that the toy articles before us now are, as the collector presumably determined, more than merely figures or images of animate objects. The inanimate portions, represented by the stagecoach, wagon, and car, are, in each instance, clearly substantial components and they contribute essentially to what the completed articles purport to be. The animate and inanimate portions of the "Kissing couple" toy appear to be permanently combined and are obviously integrated. The same is true for the horse and wagon or stagecoach objects in exhibits 1 and 2. The driver figures in these exhibits are less securely attached than the horses. Nevertheless, they are integrated by design with the toy as a whole, and with their hands wired to the reins, they are also integrated in fact. Samples are potent witnesses. *United States* v. *The Halle Bros. Co.*, 20 CCPA 281, T.D. 46077. As entities, these toys are decidedly more than figures or images of animate objects.

For the foregoing reasons, the protest claim in these cases is overruled, and the collector's classification under paragraph 1513, as modified, *supra*, as toys, not specially provided for, is affirmed.

Judgment will be entered accordingly.