(C.D. 4183)

LOUIS MARX & CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided March 3, 1971)

*Barnes, Richardson & Colburn* (*Richard C. King* of counsel) for the plaintiff. *L. Patrick Gray, III,* Assistant Attorney General (*Velta A. Melnbrencis,* trial attorney), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: At issue in this case is the proper tariff status of toys invoiced as "Mechanical Hopping Munchie Mellon Series" that were imported from Japan and entered at the port of Philadelphia in 1967.

The imports were classified under item 737.80 of the tariff schedules as toys, not specially provided for, having a spring mechanism and assessed duty of 41 percent. Plaintiff agrees that the imports constitute toys having a spring mechanism, but contends that they are specially provided for under item 737.45 as toy figures of animate objects, almost wholly of metal, and are thus dutiable at the lesser rate of 24 percent.[1]

The imported article is shaped in the form of a stubby bullet atop extremely short legs and highly elongated feet. Each figure (depending on the model) is a small representation of a watermelon, a corn or a banana with the added characteristic of having painted or included thereon cartoon-type facial features, such as eyes, eyebrows, nose and mouth.[2] This is done in such a manner as to make the bullet-shaped portion of the melon, corn or banana resemble both a head and a body. On the right-hand side of each figure is a key which winds a spring mechanism that is contained in the interior. Activation of the spring mechanism causes the toy to hop on its elongated feet in a highly amusing manner.

---

[1] The pertinent provisions are contained in schedule 7, part 5, subpart E of the tariff schedules and read as follows :

"Toy figures of animate objects (except dolls) :

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Having a spring mechanism :
737.45 Wholly or almost wholly of metal_____ 24% ad val.

| | | | | | | |
|---|---|---|---|---|---|---|
| * | * | * | * | * | * | * |

Toys, and parts of toys, not specially provided for :
737.80 Toys having a spring mechanism_____ 41% ad val."

[2] The watermelon-like figure is called "Munchie Mellon"; the corn-like figure is called "Corkie Corn"; and the banana-like figure is called "Barnaby Banana."

The facial features of the imported articles were determinative in their selection by plaintiff because of its desire to produce a toy to which children could relate. However, the importations have no similarity to a human or any living being.

Against this background, plaintiff's position is that it is not necessary for a figure to represent a real or recognizable being in order to be classified as a figure of an animate object within the meaning of item 737.45; it is sufficient, plaintiff argues, if the figure represents any imaginary or fictitious character. And on this basis, plaintiff insists that the present imports are "figures of animate objects" within the meaning of item 737.45 since they assertedly possess as their predominant characteristic such human features as eyes, eyebrows, nose, mouth and feet that represent imaginary or fictitious characters. Defendant's position, on the other hand, is that in order to constitute a figure of an animate object, the article must represent a living being, and that since the importations do not fall in this category, they are not "figures of animate objects." The issue, therefore, is whether importations that represent a melon, a corn and a banana to which cartoon-type human characteristics have been added are "figures of animate objects" within the meaning of item 737.45. Resolution of this issue depends essentially on the common meaning of the term "figures of animate objects."

To begin with, the term "animate" in its adjective form, as used in item 737.45, means endowed with life, alive, living, possessing animal life as opposed to plant life. Helpful in this connection are the following dictionary definitions:

*The Century Dictionary and Cyclopedia* (1913):
1. Alive; possessing animal life: as, "creatures *animate*" * * *.
2. Having the appearance of life; resembling that which is alive; lively.
3. Pertaining to living things; as, "*animate* diseases," * * *.

*Funk & Wagnalls New Standard Dictionary of the English Language* (1956):
1. Possessing animal life; living; as, the *animate* creation.
2. Possessing animation; lively.
3. [Rare.] Of or pertaining to living beings.

*Webster's New International Dictionary* (2d Ed., 1948):
1. Inspired; moved. *Obs.*
2. Endowed with life; alive, living.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

3. Animated; lively.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

*Webster's Third New International Dictionary* (1963):
animat, fr. L. *animatus*, past part. of *animare* to quicken, enliven, endow with breath or soul, fr. *anima* breath, soul; * * *
1: possessing life: ALIVE, LIVING * * *

2a: of, relating to, or associated with animal life as opposed to plant life * * *

Additionally, the word "figure" basically means a form or a representation of any person or thing,[3] and the word "animal" means any member of the group of living beings typically capable of spontaneous movement and rapid motor response to stimulation, as distinguished from a plant.[4] Hence, the term "figures of animate objects" must be read to mean forms or representations of humans or animals.

In accord with this common meaning are the decisions of this court construing paragraph 1513 of the Tariff Act of 1930, as modified, which (among other things) provided for figures or images of animate objects. Thus, in *H. Hudson Dobson, et al.* v. *United States*, 28 Cust. Ct. 290, C.D. 1424 (1952), the court had to decide whether certain items invoiced as "Dinky Toys," consisting of an electric truck with an operator standing therein, taxicab with a driver, motorcycle with a civilian driver, motorcycle policeman on his machine, and other similar articles, each of them including a representation of a particular object with a representation of a human figure, were figures or images of animate objects for purposes of paragraph 1513. The court held that the imported items, each an entity in itself, were something more than "figures or images of animate objects." In the process, however, the court expressed its understanding of the term "animate figures" as relating to *live* objects (*id.* at 293) :

> It would appear from the authorities above cited that an "animate" object is one representing animals or people, that is, possessing animal life, and that inanimate objects are those which are not endowed with animal life, such as benches, trees, fences, etc. We take it, therefore, that the figures in the imported articles representing various men, such as the drivers, operators, or policemen, are figures or images of animate objects and that the remaining portions of these items (the vehicles which are parts of the complete articles) are images of inanimate objects. * * *

This definition was cited with approval in *Louis Marx & Co., et al.* v. *United States*, 40 Cust. Ct. 610, 611, Abstract 62104 (1958), in which a toy mechanical walking robot was claimed to be a figure or image of an animate object under paragraph 1513. The court held that since a robot is "not a living thing * * * [and] not endowed with life," it cannot be an animate object, and hence the imported toy figure of a robot was not a figure of an animate object for purposes of that paragraph.[5]

---

[3] See *Funk & Wagnalls New Standard Dictionary of the English Language* (1956) ; *Webster's New International Dictionary* (2d Ed., 1948).

[4] See *Webster's New International Dictionary* (2d Ed., 1948).

[5] See also *Brechner Bros.* v. *United States*, 58 Cust. Ct. 272, 276, C.D. 2959 (1967), where the court stated that "by definition all dolls are figures of animate objects" since a doll is "a toy puppet representing a person." Similarly, the Bureau of Customs has ruled that a

From what has been said, the necessary conclusion is that the present importations representing as they do a melon, a corn and a banana with facial features added are not figures of animate objects since they do not represent any living being. Moreover, the only witness who testified at trial—plaintiff's assistant import manager who participated in the development of the importations—readily agreed that were it not for these facial features, the importations would have simply represented a plain watermelon, a banana or a corn. Just as the addition of "facial" features to a toy truck, for example, will not turn it into a toy figure of an animate object, the addition of facial features to what otherwise admittedly represents a melon, banana or corn is scarcely sufficient to transform the article into a figure of an animate object. For in neither case does the article represent an animate being. Indeed, at best the importations here in question are more than figures of animate objects. See e.g., *H. Hudson Dobson, et al.* v. *United States,* *supra,* 28 Cust. Ct. at 294; *Cragstan Corporation* v. *United States,* 51 CCPA 27, C.A.D. 832 (1963).

To sum up, we conclude (1) that the term "figures of animate objects" as used in item 737.45 includes only those figures which represent living beings; and (2) that since the importations are figures that represent plant life with human characteristics, they are not figures of animate objects for tariff purposes. The protest is overruled, and judgment will be entered to that effect.

(C.D. 4184)

cartoon-type horse consisting of twisted flexible wire covered with solid plastic permitting the article to be twisted into a variety of shapes and poses is classifiable under the provision for figures of animate objects. T.D. 56516(193) (1965).