(C.D. 4239)

LEWIS GALOOB CO. *v.* UNITED STATES

United States Customs Court, First Division

(Decided June 28, 1971)

*Glad & Tuttle* (*Hudson F. Edwards* of counsel) for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General (*Lee Sandler* and *Susan C. Cassell*, trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

MALETZ, Judge: This case involves the proper tariff classification of an importation from Japan of an item known as a battery-operated Swivel-O-Matic astronaut. It was assessed duty at 35 percent under item 737.90 of the tariff schedules which covers other toys, not specially provided for. Plaintiff claims the import is properly dutiable at 21 percent under item 737.35 of the tariff schedules as a toy figure of an animate object, not having a spring mechanism, not stuffed, and almost wholly of metal. The main issue in the case is whether or not the imports are properly classifiable as toy figures of *animate* objects.

The imported article—which is about 11 inches in height and 4 inches in width—consists of a representation of a mechanical robot. It contains a head portion that is rotatable 360 degrees and in which is encased a painting of a human face. Beneath this is a body on which are painted illustrations of an electrical mechanism and electrical meters. Attached to the body are two appendages representing arms and hands, and two appendages representing legs and feet.

When activated, the figure slides forward on rubber wheels at the bottom of the feet. At the same time the body swivels completely around 360 degrees, the chest lights up and opens, and two guns pop out of the chest cavity and fire. Following that, the body stops swiveling, the guns in the chest retract, and the figure continues sliding forward again.

Turning now to the legal principles, it is established that the term "figures of animate objects" includes only those figures which represent living beings. *Louis Marx & Co., Inc.* v. *United States*, 66 Cust. Ct. 139, C.D. 4183 (1971), and cases cited. The present importation, it must be concluded, does not fall in this category. For it is a mechanical robot that is not a representation of any living being and thus is not a figure of an "animate" object within the meaning of item 737.35.

That the importation does not represent a living being is manifest from even the most casual inspection of the sample. For example, no astronaut or any other living being can swivel 360 degrees at the head and waist, as does the imported figure. And no human or other living being has a chest cavity which shoots guns. Moreover, the position of the head in relation to the chest cavity negatives any suggestion that a human body could be inside the figure. Indeed, the only feature in support of the claim that the imported figure is "animate" is the painting of a human face in the head portion of the article. However, it must be added that the head is rotatable 360 degrees and that guns are directly below the face. In such circumstances, the presence of a human face in an article which is otherwise incapable of representing any living being cannot make "animate" what is, in its totality, incapable of animation or life. Put otherwise, the addition of "facial" features to what otherwise represents a robot or inanimate being is not sufficient to transform the present article into a figure of an animate object for the reason that the article does not represent any living being. *Louis Marx & Co., Inc.* v. *United States, supra.*

Very similar to the present case is *Louis Marx & Co. et al.* v. *United States*, 40 Cust. Ct. 610, Abstract 62104 (1958). Involved there was a toy that simulated a mechanical robot and which, by winding a key, moved ahead in a manner simulating walking. In that case, as here, plaintiffs, claimed that the article was properly classifiable as a figure of an animate object. However, the court rejected the claim, stating (40 Cust. Ct. at 611) :

> There is nothing in * * * the quoted definitions from which to draw the conclusion that a robot is an animate object, within the meaning of the word "animate," as it is given in the cited dictionary authorities. * * *
>
> * * * * * * *
>
> * * * [A] robot is not an animate object. It is not a living thing; it is not endowed with life. A robot is a mechanical device or apparatus, a mere automaton, that operates through scientific or mechanical media. * * *

The considerations thus set out in *Marx* are equally applicable here. We therefore hold that the present import is not a figure of an animate

object. The protest is overruled and judgment will be entered accordingly.